IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DELBERT ALONZO KINCADE, | § | |
| v. | § | CIVIL ACTION NO. 6:14cv250 |
| BRAD LIVINGSTON | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Delbert Kincade, through counsel, filed this application for the writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Kincade is serving a life sentence for the offense of injury to a child causing serious bodily injury and serious mental deficiency. While the facts underlying Kincade's conviction were thoroughly fleshed out in the Magistrate Judge's Report, evidence at trial illustrated that B.G.'s mother (S.B.) witnessed Kincade spank B.G.—a nine-month old infant—hard, tell the child to shut up and that she needs discipline, and then proceeded to throw her onto a loveseat. The baby then fell onto the floor, suffered a seizure, and vomited.

Several medical care professionals testified that B.G.'s injuries were caused by abuse, observing bruises all over her body that included fresh bruises that looked "like somebody's hand," two detached retinas, a large subdural hematoma to her brain, and a skull fracture. Ruling out that the injuries were a result of an accident or a fall, doctors explained that B.G.'s injuries were caused by violent trauma and force. B.G. suffers from permanent brain damage.

1

**II. Kincade's Federal Habeas Claims**

In his petition, Kincade maintained that trial counsel was ineffective for: (1) failing to object to testimony and argument that Kincade's physical abuse of S.B. was evidence that he also abused the victim; (2) failing to secure a limiting instruction regarding any testimony and argument about Kincade's abuse of S.B.; (3) failing to request an accomplice witness instruction; (4) failing to object to testimony concerning Kincade's abuse of B.G.'s twin brother; (5) failing to preserve error; (6) failing to object to testimony from an investigative officer; (7) failing to object to improper opinion testimony; (8) failing to object to additional opinion testimony; (9) failing to object to testimony about medical knowledge from a lay witness; (10) failing to object to testimony concerning abuse of S.B. and B.G.'s twin brother that was not proven beyond a reasonable doubt; and (11) cumulative error.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report, (Dkt. #23), recommending that Kincade's petition for habeas corpus be denied with prejudice. Kincade has filed objections, (Dkt. #24).

**III. Standard of Review**

*1. Federal Habeas Review*

The role of federal courts in reviewing habeas corpus petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed a number of habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal habeas review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

  *2. Ineffective Assistance of Counsel*

To show that trial counsel was ineffective, Kincade must demonstrate both deficient performance and ensuing prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). In evaluating whether an attorney's conduct was deficient, the question becomes whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms of practice." *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016). The right to effective

counsel does not guarantee error-free or perfect counsel. *See U.S. v. Freeman*, 818 F.3d 175, 178 (5th Cir. 2016).

Moreover, to establish prejudice, the petitioner must show that there is a reasonable probability that—absent counsel's deficient performance—the outcome or result of the proceedings would have been different. *Id.*; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687)). It is well-settled that a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Strickland*, 466 U.S. at 694. Importantly, the petitioner alleging ineffective assistance must show both deficient performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted). Given the already highly deferential standard under the AEDPA, establishing a state court's application whether counsel was ineffective "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotations and citation omitted).

## IV. Kincade's Objections and Discussion

*A. Grounds One and Two: Previous Acts of Abuse*

Kincade initially claimed that counsel was ineffective for failing to prevent the State from eliciting testimony and arguing that evidence of his alleged abuse of B.G.'s mother was evidence that he also abused B.G. The Magistrate Judge found that because trial counsel did object to testimony regarding Kincade's abuse of the mother, Kincade cannot demonstrate that counsel was ineffective for failing to do so. In his objections, Kincade asserts that while counsel did object to testimony regarding his previous abuse of the child's mother, counsel should have objected on the ground that the State used the testimony as evidence of guilt. Moreover, he asserts that trial

4

counsel should have requested a specific limiting instruction rather than the generic instruction concerning extraneous crimes. He notes that counsel's failure to request the instruction allowed the jury to consider extraneous evidence of abuse throughout the entire trial.

Evidence of other wrongs, acts, or crimes is not admissible to prove the character of the defendant in order to demonstrate that the defendant acted in conformity or similarly therewith; however, crucially, such testimony may be admissible if it has relevance apart from its tendency to the defendant acted in conformity with those other wrongs—such as motive, opportunity, or lack of accident/mistake. *See* Tex.R.Cr.Evid. 404(b)(1). With that said, under rule 105(a), "if the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on request, must restrict the evidence to its proper scope and instruct the jury accordingly."

It is unclear how else counsel could have prevented the State from eliciting this testimony other than through a motion in limine or an oral objection at trial. While counsel did not object to the testimony on grounds that it showed Kincade's guilt, counsel did, indeed, object. Each objection was overruled. Kincade fails to explain how an objection on this basis would have been sustained when the objections on relevance grounds were all overruled—particularly given how, at the very least, the testimony was relevant to show that the child's injuries were not the result of an accident or mistake. In other words, Kincade cannot show that the outcome would have been different had counsel objected on grounds of the testimony tending to show guilt rather than on relevance grounds.

Turning to the specific, limiting instruction claim, the Magistrate Judge correctly determined that Kincade could not show prejudice. While it is true that counsel could have requested that the court specifically instruct the jury that the testimony of previous abuse could not be used to find Kincade guilty, Kincade failed to show that the outcome would have been different

5

if counsel requested and was given the limiting instruction. The crux of this claim appears to be Kincade's complaint that the mother initially proffered one explanation for the child's injuries, changed her story, and then testified against Kincade at trial; failing to request the limiting instruction allegedly allowed extraneous evidence of abuse to permeate throughout the trial.

However, this argument overlooks the fact that—regardless of a specific, limiting instruction—the jury heard testimony from several witnesses about the mother's changing stories. The jury was free to make its own assessment as to the mother's testimony. *See Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005) (explaining that the District Court must accept all credibility determinations made by the jury). In this way, Kincade cannot demonstrate that if the jury received a limiting instruction restricting the scope of the extraneous evidence, the outcome of the proceeding would have been different. *See, e.g.*, *Kessler v. Dretke*, 137 Fed. App'x. 710, 712 (5th Cir. 2005) ("Kessler also has not established that he was prejudiced by counsel's failures, because has not shown that such objections or limiting instructions would have resulted in a different outcome at trial.").

   B. *Accomplice Witness Instruction*

Kincade argued that counsel was ineffective for failing to request an accomplice instruction regarding the mother, S.B. The Magistrate Judge concluded that the state habeas court's finding—that counsel was not ineffective for failing to request an accomplice witness instruction because such an instruction would have been inconsistent with the defense strategy at trial—was not unreasonable. Kincade objects, asserting that the State effectively made S.B. an accomplice when it argued that she was a party to the offense and the court allowed the jury to receive a written instruction indicating that he could be convicted if he assisted S.B. in the commission of the offense.

6

As outlined in the Magistrate Judge's report, the defense theory at trial was one of actual innocence: Kincade was not present at the time the child was injured and law enforcement engaged in a complete "rush to judgment." An accomplice witness instruction, as Kincade suggests, would have required the jury to consider any corroborating evidence of S.B.'s claims, which would have necessarily foreclosed the actual innocence defense. If Kincade aided or assisted S.B.—and thus could be convicted as an accomplice—then he would have necessarily had to have been present at the time of the offense, thereby contradicting the entire defense theory. Consequently, the state habeas court's finding was not unreasonable and, therefore, the Magistrate Judge's determination was correct.

Furthermore, the record reflects that defense counsel objected to the inclusion of a law-of-the-parties instruction. The objection was overruled. Defense counsel then argued to the jury that (1) in order to find that Kincade was an accomplice to the child's injuries, it would have to also find that he aided or attempted to aid the other person to commit the offense, and (2) that mere presence at the time of the offense does not make one a party. (RR6, pg. 232). Because the jury heard arguments on this issue, Kincade cannot illustrate that the outcome would have been different if the jury had also been given an accomplice instruction.

*C. Grounds Four and Five: Injuries to the Victim's Twin Brother*

Kincade originally maintained that counsel was ineffective for failing to prevent the State from eliciting evidence of his abuse of B.G.'s twin brother beyond a reasonable doubt. The Magistrate Judge found that Kincade could not demonstrate prejudice because counsel did, indeed, object to the extraneous evidence. In his objection, Kincade claims that the testimony should have been excluded because the State did not prove that he caused the brother's injuries beyond a reasonable doubt.

The Magistrate Judge correctly reasoned that Kincade cannot demonstrate prejudice. First and foremost, as the Report indicated, defense counsel vehemently objected on relevance and undue prejudice grounds to the admission of any extraneous evidence of abuse to B.G.'s twin brother—both before and during trial. All of the objections were overruled. In fact, according to Kincade, defense counsel specifically objected to the extraneous evidence during a pre-trial hearing, at which point the State assured the court that the evidence would connect Kincade to the extraneous abuse. (RR3, pg. 13-14). Consequently, because counsel objected on this ground, it is unclear how the outcome of the proceedings would have been different if counsel objected yet again.

Turning to whether counsel preserved the error, the Magistrate Judge correctly found that the record refutes the claim. While a specific objection is preferred because it informs the trial judge of the basis for the objection, a general objection will preserve error when that error is obvious from the surrounding context. *See Long v. State*, 800 S.W.2d 545, 548 (Tex.Crim.App. 1990) (*en banc*). Here, as the Report indicates, defense counsel objected on numerous occasions to the introduction of extraneous evidence of abuse to the victim's mother and twin brother. The trial court granted defense counsel's request for a running objection for any evidence concerning injuries to the twin brother. While defense counsel did not specifically object to evidence of the twin brother's injuries on the ground that the abuse to him was not proven by a reasonable doubt, counsel did object—arguing that Kincade was on trial only for B.G.'s injuries. Accordingly, this specific objection was preserved.

Even if the court were to characterize defense counsel's objection as a general rather than a specific objection, the error was still preserved because the error would have been obvious from the surrounding context. Defense counsel's argument that Kincade was on trial only for B.G.'s injuries was essentially an objection to the introduction of extraneous evidence of abuse. If the

8

trial court erred in admitting the testimony, then the error would be obvious from the surrounding context—i.e., that extraneous evidence of previous child abuse was being offered only to prove that Kincade abused the victim. Having made the objections, counsel preserved any error.

*D. Grounds Six through Nine: Improper Opinions*

Kincade contended that counsel was ineffective for allowing the State to elicit opinion and expert testimony from several different law enforcement officers. The Magistrate Judge found that Kincade could not show prejudice. In his objection, Kincade maintains that the opinion testimony expressed an improper opinion that he was guilty of the offense.

The Magistrate Judge correctly determined that Kincade cannot demonstrate prejudice. Under Texas law, if a witness is not testifying as an expert, opinion testimony is limited to an opinion that is (1) rationally based on the witness's perception and (2) helpful to clearly understanding the witness's testimony or to determining a fact in issue. *See* Tex. R. Evid. Rule 701. A lay witness is permitted to testify to his or her observations that do not require expertise and are not based on a scientific theory. *See Hatchcock v. Hankook Tire Am. Corp.*, 330 S.W.3d 733, 747 (Tex. App.—Texarkana 2010, no pet.).

Here, as the Report indicated, all of the complained-of testimony stemmed directly from law enforcement officers' education, training, and experiences. Specifically, officers explained that abused women typically protect their abusers, symptoms of "shaken baby syndrome" appear immediately or within seconds, and that Kincade caused the child's injuries because he was the only person left inside the home with the child when the offense occurred. Because a lay witness may testify to his observations that do not require expertise and are not based on a scientific theory, the officers' were permitted to testify to opinions stemming from their own perceptions, observations, and experiences.

Additionally, the failure to object to cumulative evidence is harmless and will not support a claim of ineffective assistance of counsel. *See Darby v. State*, 922 S.W.2d 614, 624 (Tex.App.—Fort Worth 1996). The crux of this claim is that officers' opinion testimony should not have been admitted. However, the jury heard testimony from S.B. that she told several other stories of the cause of B.G.'s injuries because of her fear of Kincade. She testified about Kincade's abuse toward her and indicated that only Kincade was inside the home when B.G. was injured. Additionally, Dr. Cox testified consistently with law enforcement regarding the appearance of physical symptoms after child head trauma. Accordingly, absent law enforcement testimony, the jury still heard testimony of Kincade's abuse of S.B., S.B.'s attempt to protect him by giving inconsistent statements, her fear of reprisal from Kincade, and the onset of physical symptoms after child head trauma. In this way, Kincade cannot demonstrate that absent the opinion testimony of the law enforcement officers, the outcome of the proceedings would have been different.

*E. Ground Ten: Physical Abuse of a Different Child*

Kincade stated that counsel was ineffective for failing to prevent the State from introducing evidence that he physically abused a child from another relationship without proving the abuse beyond a reasonable doubt. The Magistrate Judge found that the state habeas court's finding—that counsel's decision was trial strategy—was not unreasonable. Kincade objects because he maintains that the decision was not reasonable trial strategy.

As explained in the Report, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir. 1999) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

Here, counsel stated in his affidavit filed in the state habeas record that after the State asked defense witness Brittany Singleton whether her fourteen-month old suffered a seizure while

10

visiting Kincade, who responded in the affirmative, he "was not going to call any more attention to the question by asking a question to which I did not already know the answer." Because counsel deciding not to draw attention to extraneous crimes or bad acts is generally accepted as reasonable trial strategy, Kincade has failed to overcome his burden in demonstrating that counsel's decision was not reasonable. *See, e.g.*, *Charles v. Thaler*, 629 F.3d 494, 502 (5th Cir. 2011) (finding counsel's decision not to object to adverse witness testimony was not an unreasonable trial strategy when doing so would draw undue attention to that harmful testimony); *Duren v. State*, 87 S.W.3d 719, 734 (Tex.App.—Texarkana 2002, pet. struck) ("[D]efense counsel's failure to object to [testimony regarding a prior extraneous bad act] may be explained as reasonable trial strategy not to draw the jury's attention to the testimony."). Kincade has not demonstrated that the state habeas court's findings were unreasonable.

### F. Cumulative Error

Finally, Kincade objects to the Magistrate Judge's finding that because he failed to demonstrate any constitutional error, his cumulative error claim fails. Having completed a *de novo* review of Kincade's federal petition, the Magistrate Judge's findings are correct and, thus, his cumulative error claim is meritless. *See Spence v. Johnson*, 80 F.3d 989, 1000 (5th Cir. 1996).

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge is **ADOPTED** as the opinion of the District Court.  Furthermore, it is

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**.  It is also

**ORDERED** that the Petitioner Delbert Kincade is **DENIED** a certificate of appealability *sua sponte*.  Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge